

~~CAUSE NO. _____~~

~~GEORGE M. LEE     §~~          IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT ~~COURT~~ OF ~~_____~~ TEXAS
HOUSTON DIVISION

IN RE:                            §
                                  §
BRIAR BUILDING HOUSTON LLC,       §       CASE NO. 18-32218
                                  §
   Debtor                         §       CHAPTER 11
                                  §
GEORGE M LEE                      §
   **Plaintiff**                  §    ,  §
                                  §
                                  §
~~VS.~~                           §       ~~HARRIS COUNTY, TEXAS~~
                                  §
                                  §
v.                                §       ADVERSARY NO. 20-03395
                                  §
**MOHAMMAD ALI CHOUDHRI,**        §
   ~~__~~**Defendant**            §
   ~~_____ JUDICIAL DISTRICT,~~  §     JURY TRIAL REQUESTED

**PLAINTIFF GEORGE M. LEE'S** ~~ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND~~**FIRST AMENDED COMPLAINT**

Plaintiff, George M. Lee ("Plaintiff" or "Mr. Lee"), files this ~~Original Petition, Request for Disclosure and Jury Demand complaining of Defendant, Mohammad Ali Choudhri and would respectfully show~~First Amended Complaint pursuant to Federal Rule of Civil Procedure 15 and respectfully shows this Court as follows:[1]

---

[1] For the Court's convenience and pursuant to The United States Bankruptcy Court for the Southern District of Texas Local Rule 1009-1 and the Honorable Judge Eduardo V. Rodriguez, United States Bankruptcy Judge's Court Procedure regarding amended documents, Plaintiff has attached a redline of Plaintiff's Original Petition, Jury Demand, and Request for Disclosures originally filed in the 152nd District Court of Harris County, Texas compared to this Plaintiff George M. Lee's First Amended Complaint as Exhibit A due to the nature and extent of the amendments. This pleading supersedes any prior or supplemental petitions filed in state court.

**I. PARTIES**

~~DISCOVERY PLAN~~

~~1.~~ Plaintiff ~~intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.~~

~~I.~~ **PARTIES**

1. ~~2.~~ ~~Plaintiff,~~ George M. Lee ~~(Lee),~~ is an individual ~~living and working in~~ resident of Harris County, Texas.

~~3. Defendant, Mohammad Ali Choudhri (Choudhri), is a natural person who may be served with citation and a copy of this original petition by serving him at his place of business, Jetall Companies, 1001 West Loop South, Ste. 700, Houston, Texas, 77027.~~

~~**VENUE AND JURISDICTION**~~

~~4. Venue is proper in Harris County, Texas, pursuant to Texas Civil Practices and Remedies Code Sections 15.002(a) (1) and (2) because a substantial part of the events or omissions giving rise to the claim occurred in Houston, Harris County, Texas, and Defendant, Choudhri, resides and maintains his principal office in Houston, Harris County, Texas. This Court has jurisdiction over this case because the amount in controversy is within the Court's minimum jurisdictional limits. Counter-Plaintiff seeks monetary relief of over $1,000,000.00.~~

~~**FACTS**~~

2.  ~~5.~~ Defendant Ali Choudhri ("Defendant" and/or "Choudhri" herein.) is an individual resident of Harris County, Texas. Mr. Choudhri has made an appearance in this case and may be served through his attorneys of record, GOLD, WEEMS, BRUSER, SUES & RUNDELL, Evelyn I. Breithaupt, 2001 MacArthur Drive P.O. Box 6118, Alexandria, Louisiana 71307, and GUBERNICK LAW P.L.L.C., Benjamin Gubernick, 10720 West Indian School Rd. Ste. 19 PMB12, Phoenix, AZ 85037.

## II.     JURISDICTION AND VENUE

3.  This is an action for breach of a personal loan guarantee related to the real property located at 1001 West Loop South, Ste. 700, Houston, Texas 77027 (the "West Loop Property") which Choudhri has refused to honor.

4.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1334(b) and this Court's January 14, 2021 Memorandum Opinion.[2]

## III.     STATEMENT OF FACTS

**A. The Core Bankruptcy Matter surrounding the Briar Hollow Property.**

1.  On April 30, 2018, Briar Building Houston LLC initiated the Chapter 11 Bankruptcy Case identified as Cause No. 18-32218 in the United States District Court for the Southern District of Texas (the "Bankruptcy Matter").[3] Briar Building Houston, LLC's only asset was 50 Briar Hollow Lane, Houston, Texas 77027 (the "Briar Hollow Property"). The Briar Hollow Property was subject to that certain December 30, 2013 loan agreement, deed of trust, and promissory note connected to the Briar Hollow Property and collectively referred to by the parties

---

[2] ECF No. 23.
[3] Dkt. No. 1.

as the "Loan Documents."[4] When the Bankruptcy Matter was filed, BDFI LLC was the lender and holder of the Loan Documents.[5]

2. The Bankruptcy Matter was resolved when George Lee, Briar Building Houston, LLC and BDFI LLC entered into a document entitled "Forbearance Agreement" on or around May 11, 2018 (the "Forbearance Agreement") purporting to settle all claims between the parties as related to the Briar Hollow Property and the Loan Documents.[6] The Forbearance Agreement contained a release provision which is pertinent to this action.

3. The full language of the release contained within the Forbearance Agreement is cited below.

> 27. **Ratification: Release of Lender**. [Plaintiff] hereby ratifies, reaffirms, acknowledges, and agrees that the Loan Documents represent valid, enforceable and collective obligations of Barrower and Guarantor and that [Plaintiff] ha[s] no knowledge of any offsets, defenses or claims against Lender, or any of its subsidiaries, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors or assigns whether asserted or unasserted, and neither of the [Plaintiff parties] will assert *claims for offset or otherwise assert any claims or defenses to the payment of the obligations under the Loan Documents. To the extent that such offsets, defenses or claims may exist,* the [Plaintiff parties] and each of its or his respective successors, assigns, parents, subsidiaries, affiliates, predecessors, employees, agents, heirs and executors, as applicable (collectively the "Releasers") jointly and severally, release and forever discharge and release Lender, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors and assigns, both present and former, including Jetall Companies, Inc. and Ali Choudhri (collectively the "Lender Affiliates") of and from any and all manner of actions, causes of action, suits, debts, controversies, damages, judgments, executions, claims and demands whatsoever, asserted or unasserted, in law or in equity, which Releasors ever had or now have against Lender and/or Lender Affiliates, including, without limitation, any previously exist claim or defense whether or

---

[4] *See* Dkt. No. 55-9, May 11, 2018 Forbearance Agreement, ¶ 2. A copy of the Forbearance Agreement is attached hereto as Exhibit B.
[5] Exhibit B, ¶ 2.
[6] Exhibit B, ¶ 27.

4

not properly suspected, contemplated or anticipated. The term "Lender" as used herein shall include, but shall not be limited to, its present and former officers, directors, employees, agents and attorneys.[7]

4. After the Bankruptcy Matter concluded, a subsequent dispute arose between Plaintiff, Jetall, Defendant, Brad Parker and BDFI, LLC related to, among other things, a foreclosure by BDFI LLC on the Briar Hollow Property and a breach by Jetall of a management and leasing agreement for the Briar Hollow Property. This dispute became the subject of a lawsuit filed on August 3, 2018 and removed to this Court as Adversary No. 18-03281 (the "Adversary Matter") in the Bankruptcy Matter filed by Plaintiff against BDFI, LLC, Brad Parker, Defendant, and Jetall Companies, Inc. The defendants in the Adversary Matter removed it to this Court on the basis of this Court's order approving and attaching the Forbearance Agreement.

5. Plaintiff moved to dismiss the Adversary Matter, and on January 27, 2020, this Court entered a final judgment (the "Final Order") dismissing the Adversary Matter with prejudice and reaffirming the validity of the Forbearance Agreement as valid, enforceable, and in full force and effect.

**B. Plaintiff files the Original Petition over a July 1, 2017 default on the 1001 West Loop South Property.**

6. On or about July 1, 2014, Choudhri personally guaranteed a loan to 1001 West Loop, LP made by Plaintiff. The loan was serviced until January 2017, at which time 1001 West Loop, LP defaulted on the payment of the loan installments and the loan became due and owing as a result of the default.[8]

---

[7] Exhibit B, ¶ 27, emphasis added.
[8] A copy of the guaranty agreement is attached hereto as Exhibit C.

7. Despite frequent demand, Choudhri has refused to honor his guaranty and make payment to Plaintiff in the outstanding amount of the unpaid, guaranteed debt plus accrued default interest in the total amount of $4,219,951.30.

8. On March 10, 2020, Plaintiff, in his individual capacity, filed an Original Petition, Request for Disclosure and Jury Demand (his "Original Petition") against Choudhri identified as Cause No. 2020-16175 in the 152nd Judicial District Court of Harris County, Texas.[9] This Original Petition was subsequently removed to this Court.

### IV.   CAUSES OF ACTION
~~6.   Lee~~
### A.  First Cause of Action – Breach of Guaranty

9. Plaintiff realleges each and every allegation preceding this paragraph and incorporates ~~paragraphs 4-5 in~~ those allegations by reference as if fully set forth at length.

10. To support ~~of this cause of action.~~ a claim for breach of a guaranty, a party must show proof of (1) the existence and ownership of a guaranty contract; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform by the guarantor. *Lee v. Martin Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720 (Tex. App.—San Antonio 2004, no pet.).

11. In the present case there was an underlying written agreement for a loan by Plaintiff for the 1001 West Loop Property which Choudhri Personally guaranteed. The building subsequently defaulted on the payment of the loan on or about January 2017, at which point the loan defaulted and the total balance of the loan became due and owing. Though Choudhri personally guaranteed his liability to this loan, Choudhri has ~~breached his agreement of guaranty~~

---

[9] Dkt No. 55-1 Original Petition, Request for Disclosure and Jury Demand filed March 10, 2020 in Cause No. 2020-16175 in the 152nd Judicial District Court of Harris County, Texas. A copy of the Original Petition is attached hereto as Exhibit D.

6

which has resulted in Lee suffering refused to make payment despite multiple guarantees on the same.

12.     Plaintiff therefore seeks damages against Choudhri for the total accelerated amount of the unpaid loan, along with penalties and interest in the amount oof $4,219,951.00. Additionally, Plaintiff is entitled to recover his 30.

### B.  Second Cause of Action – Petition for Declaratory Judgment

13.     Texas Civil Practice and Remedies Code 37.004 provides that a person "interested under a deed, will, written contract or other writing… may have determined any question of construction or validity arising under the instrument…" TEX. CIV. PRAC. REM. CODE. 37.004(a).

14.     Defendant has stated that an alleged "general release" contained in the Forbearance Agreement precludes all of Plaintiff's claims against Choudhri prior to the execution of the Forbearance Agreement, including the case at bar.

15.     However, Plaintiff asserts that the alleged "general release" Choudhri relies upon is ***predicated by and specifically related to the Loan Documents.*** Defendant's Notice of Removal quotes the "releases and forever discharges" language of the Forbearance Agreement,[10] but the release contained therein by its own terms only applies to defenses and claims related to ***"to the payment of the obligations under the Loan Documents***."[11] By its own terms then, the release only applies to "the extent that such offsets, defenses or claims may exist" under the Loan Documents.[12]

16.     In the alternate, Plaintiff argues that the events and circumstances surrounding the execution of the Forbearance Agreement show that it was the clear intent of the parties to only release all claims as related to the Briar Hollow Property, and not to release Choudhri and his

---

[10] *Id.*
[11] Exhibit B, ¶ 27, emphasis added.
[12] *Id.*

7

associated entities from any and all claims, including those completely unrelated to the Bankruptcy Matter.

17. Therefore, Plaintiff seeks a declaratory judgment determining that the scope of the "general release" contained in the Forbearance Agreement only applies to "the extent that such offsets, defenses or claims may exist" under the Loan Documents.[13], and **not** to unrelated claims involving the same parties.

### V.     DEMAND FOR ATTORNEYS' FEES

18. Plaintiff requests the award of his attorneys' fees as are reasonable, just and necessary attorney's fees pursuant to the guaranty agreement and Chapter 38 of the equitable under Texas Civil Practices Practice and remedies Remedies Code. Section 37.001 *et seq.*

### VI.     DEMAND FOR JURY TRIAL

19.      7.     Plaintiff demands a trial by jury and tenders the appropriate fee contemporaneous with this filing.

### REQUEST FOR DISCLOSURES

8.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose within fifty (50) days of service of this request, the information and/or material in Rule 194.2(a)(b)(c)(d)(e)(f)(g)(h) and (i).

### VII.     PRAYER FOR RELIEF

---

[13] Exhibit B, ¶ 27.

VIII.  WHEREFORE ~~PREMISES CONSIDERED~~, Plaintiff prays ~~that Defendant be cited to answer~~ for the following relief and ~~appear herein and that, upon~~ judgment following a ~~final trial hereof, Plaintiff recover of and from the Defendant~~ by jury:

(a) Actual damages ~~as determined at trial, reasonable and necessary attorney's fees, pre~~;

(b) Exemplary damages;

(c) Court costs;

(d) Prejudgment and post-judgment interest, ~~altogether with~~ at the rate of 5% per annum;

(e) Attorneys' fees;

(f) That the Court enter a take nothing judgment for Defendants; and

(g) And all ~~costs~~ other relief, in law and in equity, to which ~~have been incurred and expended herein and for such other and further relief, both general and special, legal and equitable, to which Plaintiff~~ Mr. Lee may ~~show himself justly~~ be entitled.

Dated: February 1, 2021.

                Respectfully submitted,

                ~~THOMAS L. HUNT & ASSOCIATES~~

                ~~THOMAS L. HUNT~~
                ~~SBN 10289600~~
~~5353 West Alabama,~~        **SPONSEL MILLER GREENBERG PLLC**

                */s/ Thane Tyler Sponsel III*
                Thane Tyler Sponsel III
                Attorney-In-Charge
                Federal Bar No. 690068/Texas State Bar No. 24056361
                Roger B. Greenberg
                Federal Bar No. 3932/Texas State Bar No. 08390000
                Zachary A. Clark
                Federal Bar No. 3087665/Texas State Bar No. 24097502
                Allen Landon
                Federal Bar No. 3028753/ Texas State Bar No. 24091870
                50 Briar Hollow Ln., Suite ~~605~~ 370 West

Houston, Texas ~~77056~~77027
~~(713) 977-3447~~ Telephone: (713) 892-5400
Fax: (713) ~~490-3359   Facsimile~~892-5401
~~tom@thomaslhuntassociates.com~~
**~~ATTORNEY FOR PLAINTIFF, GEORGE LEE~~**

10

Email: sponsel@smglawgroup.com
Email: roger@smglawgroup.com
Email: zachary.clark@smglawgroup.com
Email: allen.landon@smglawgroup.com
Email: zachary.clark@smglawgroup.com
*Counsel for George M. Lee*

**CERTIFICATE OF SERVICE**

I hereby certify that ~~a true and correct copy of~~ on February 1, 2021, I caused the foregoing ~~has been forwarded~~ Plaintiff George M. Lee's First Amended Complaint to ~~all counsel of record by~~ be electronically field with the ~~district clerk's electronic filing and service~~ Clerk of the Court using the CM/ECF system, ~~certified mail, return receipt requested and/or by facsimile on this the _____ of September.~~ which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List as listed below:

_____
~~THOMAS L. HUNT~~

G<small>OLD</small>, W<small>EEMS</small>, B<small>RUSER</small>, S<small>UES</small> & R<small>UNDELL</small>
Evelyn I. Breithaupt (TBN: 24073951)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, Louisiana 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: ebreithaupt@goldweems.com

G<small>UBERNICK</small> L<small>AW</small> P.L.L.C.
Benjamin Gubernick
10720 West Indian School Rd. Ste. 19 PMB12
Phoenix, AZ 85037
Telephone: 734-678-5169
Email: ben@gubernicklaw.com

*/s/ Thane Tyler Sponsel III*

_____Thane Tyler Sponsel III