

PLAINTIFF'S EXHIBIT C

## Guaranty

### Basic Information

**Date:** July 1, 2014

**Guarantor:** Ali Choudhri

**Guarantor's Mailing Address:**

Ali Choudhri
2500 West Loop South, Suite 255
Houston, TX 77027

**Borrower:** 1001 WEST LOOP, LP, a Texas limited partnership

**Borrower's Mailing Address:**

1001 WEST LOOP, LP
2500 West Loop South, Suite 255
Houston, Texas 77027

**Lender:** George M. Lee

**Lender's Mailing Address:**

George M. Lee
5353 West Alabama #610
Houston, TX 77056

**Guaranteed Indebtedness:** The debt evidenced by the note dated July 1, 2014, in the original principal amount of $2,681,830.00, executed by Borrower and payable to the order of Lender, the obligations under the deed of trust executed in connection with the note and any other document executed by Borrower evidencing or securing the note (collectively, the "Loan Documents"), plus all interest, penalties, expenses, attorney's fees, and other collection costs as provided in the Loan Documents.

### Clauses and Covenants

1.  Guarantor agrees to pay, when due or declared due, the Guaranteed Indebtedness to Lender at Lender's Mailing Address.

2.  Guarantor waives (a) diligence in preserving liability of any person on the Guaranteed Indebtedness and in collecting or bringing suit to collect the Guaranteed Indebtedness; (b) all rights of Guarantor under chapter 43 of the Texas Civil Practice and Remedies Code, section 17.001 of the Texas Civil Practice and Remedies Code, rule 31 of the

Texas Rules of Civil Procedure, and sections 51.003, 51.004, and 51.005 of the Texas Property Code; (c) protest; (d) notice of extensions, increases, renewals, or rearrangements of the Guaranteed Indebtedness; and (e) notice of acceptance of this guaranty, of creation of the Guaranteed Indebtedness, of failure to pay the Guaranteed Indebtedness as it matures, of any other default, of adverse change in Borrower's financial condition, of release or substitution of collateral, of intent to accelerate, of acceleration, and of subordination of Lender's rights in any collateral, and every other notice of every kind. Guarantor's obligations under this guaranty will not be altered nor will Lender be liable to Guarantor because of any action or inaction of Lender in regard to a matter waived or of which notice is waived by Guarantor in the preceding sentence.

3. Guarantor agrees to pay reasonable attorney's fees and other collection costs if an attorney is retained to enforce this guaranty for collection.

4. This guaranty is an absolute, irrevocable, unconditional, and continuing guaranty of payment and performance and not of collection.

5. Lender need not resort to Borrower or any other person or proceed against collateral before pursuing its rights against Guarantor or any other guarantor. Lender's action or inaction with respect to any right of Lender under the law or any agreement will not alter the obligation of Guarantor hereunder. Lender may pursue any remedy against Borrower or any collateral or under any other guaranty without altering the obligations of Guarantor hereunder and without liability to Guarantor, even though Lender's pursuit of such remedy may result in Guarantor's loss of rights of subrogation or to proceed against others for reimbursement of contribution or any other right.

6. Guarantor will remain liable for the Guaranteed Indebtedness even though the Guaranteed Indebtedness may be unenforceable against or uncollectible from Borrower or any other person because of incapacity, lack of power or authority, discharge, or any other reason.

7. Guarantor consents and acknowledges that Guarantor's obligations will not be released by (a) the renewal, extension, or modification of the Guaranteed Indebtedness or any of the Loan Documents; (b) the insolvency, bankruptcy, liquidation, or dissolution of Borrower or any other obligor; (c) the failure of Lender to properly obtain, perfect, or preserve any security interest or lien in any collateral for the Guaranteed Indebtedness; (d) the release, substitution, or addition of any collateral for the Guaranteed Indebtedness; or (e) the failure of Lender to exercise diligence, commercial reasonableness, or reasonable care in the preservation, enforcement, or sale of any of the collateral.

8. Lender need not notify Guarantor that Lender has sued Borrower, but if Lender gives written notice to Guarantor that it has sued Borrower, Guarantor will be bound by any judgment or decree, to the extent permitted by law.

9. Lender may sue any guarantor without impairing Lender's rights against any other guarantor, with or without making Borrower a party. Lender may settle with Borrower or any other guarantor for such amounts as it may elect or may release Borrower or any guarantor or

any collateral securing the Guaranteed Indebtedness without impairing Lender's right to collect the Guaranteed Indebtedness from Guarantor.

10. This guaranty binds Guarantor and Guarantor's heirs, successors, and assigns, and it benefits and may be enforced by Lender and Lender's successors in interest. When the context requires, singular nouns and pronouns include the plural. This guaranty will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction. The provisions of this guaranty are severable. If a court of competent jurisdiction finds that any provision of this guaranty is unenforceable, then the remaining provisions will remain in effect without the unenforceable parts.

11. FINAL AGREEMENT: THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

_____
Ali Choudhri

## UNANIMOUS WRITTEN CONSENT
## IN LIEU OF MEETING OF
## THE PARTNERS OF
## 1001 West Loop, LP

The undersigned partners of 1001 West Loop, LP, (the "Partnership"), in accordance with the Agreement of Limited Partnership, hereby adopt the following unanimous written consent.

**WHEREAS**, the persons signing this consent are all the partners of the Partnership and are entitled to vote at the partners' meeting and on the following resolutions; and

**WHEREAS**, the undersigned desire to execute a unanimous written consent in lieu of formally holding the partners' meeting, and agree that the adoption of the following resolutions shall be valid and have the same force and effect as though such resolutions had been adopted at a formal partners' meeting; therefore, be it:

**RESOLVED,** that the borrowing by the Partnership from George M. Lee in the amount of $2,681,830.00 and the borrowing by the Partnership from KOLEE 59 Trust in the amount of $2,681,830.00 and pledging Partnership Property at 1001 West Loop South, Houston, Harris County, Texas (the Property) and any improvements along with attendant rights is hereby ratified and approved, and the Partnership authorizes its General Partner being 1001 WL GP, LLC (the "General Partner") to bind the Partnership by executing and delivering all documents, collect all money, pay all expenses, and to do all things the General Partner considers necessary to consummate the borrowing and pledging of the Property. This resolution does not limit the powers and authority otherwise granted to the General Partner in the Agreement of Limited Partnership.

**RESOLVED THAT** any and all other actions heretofore taken by the General Partner, or to execute and deliver any of the agreements authorized by the foregoing resolutions, or to take any of the actions authorized by the foregoing resolutions are hereby approved, ratified and confirmed in all respects.

**RESOLVED**, that this unanimous written consent shall have the same force and effect as a formal partners' meeting for all purposes. The Partnership permitted transfer of a limited partner's interest in the Partnership to a new limited partner member, and otherwise there have been no changes or amendments to the Agreement of Limited Partnership.

The undersigned direct that this unanimous written consent may be executed in multiple counterparts as well as electronic signatures, all of which shall be considered originals and that this unanimous written consent, including multiple counterparts, be filed with the minutes of the proceedings of the Partners of the Partnership.

**DATED** to be effective on July 1, 2014.

521550 000003 10587818.1

1001 West Loop, LP
General Partner:

1001 WL GP, LLC

By: _____
      Ali Choudhri, President

LIMITED PARTNERS:

_____
Ali Choudhri

_____
George M. Lee

KOLEE 59 Trust

By: _____
Emily Kolee, Trustee

Agama Investments, Ltd., a Texas limited partnership
By: Agama Management, LLC, its general partner

By: David Chang
Print name: David Chang
Title: Manager/Owner

521550 000003 10587818.1