# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRIAR BUILDING HOUSTON LLC, | § | CASE NO. 18-32218 |
| | § | |
| Debtor | § | CHAPTER 11 |
| | § | |
| GEORGE M LEE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03395 |
| | § | |
| MOHAMMAD ALI CHOUDHRI, | § | |
| Defendant, | § | |
| | § | |

## PLAINTIFF GEORGE M. LEE'S MOTION FOR CIVIL CONTEMPT

---

**NOTICE PURSUANT TO LOCAL RULE 9013**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within twenty-one (21) days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

---

1

TO THE HONORABLE EDUARDO V. RODRIGUEZ, U.S. BANKRUPTCY JUDGE

Plaintiff George Lee ("Plaintiff") comes before this Court and hereby files this Plaintiff's Motion For Civil Contempt (Plaintiff's "Motion for Contempt"), asking this Court to find Defendant Ali Choudhri ("Defendant") in civil contempt for failure to obey this Court's May 25, 2022 Order requiring payment of attorneys' fees and costs to Plaintiff for noncompliance with the discovery process, and in support thereof would show unto the Court as follows:

## I.   SUMMARY OF MOTION

1. This Court's May 25, 2022 Order required Defendant to pay Plaintiff attorney's fees in the combined amount of $9,019.80 no later than June 29, 2022. Defendant has failed to make payment despite the clear language of the order and a subsequent demand by Plaintiff for payment issued June 30, 2022. Due to Defendant's continued willful disregard of this Court's orders and authority, Plaintiff seeks an order holding Defendant in civil contempt and assessing compensatory sanctions for the cost of bringing the present motion as well as coercive sanctions to enforce compliance with this Court's order in the amount of $1,000.00 *per diem* until payment is made.

## II.   FACTUAL BACKGROUND

2. The Court's May 25, 2022 Order[1] required, *inter alia,* that Defendant pay Plaintiff:

   a. Attorneys' fees in the amount of $3,896.25 associated with Plaintiff George M. Lee's Motion to Compel Discovery and Motion for Sanctions/Costs;[2]

---

[1] ECF No. 68.
[2] ECF No. 53.

    b. Attorneys' fees in the amount of $3,437.50 and costs in the amount of $486.05 associated with Plaintiff George M. Lee's First Supplement to Motion to Compel Discovery and Motion for Sanctions/Costs;[3] and

    c. Additional attorneys' fees in the amount of $1,200.00 in preparation for the hearing on George M. Lee's Motion to Compel Discovery and Motion for Sanctions/Costs.[4]

3. These attorneys' fees and costs, totaling $9,019.80, were to be paid to Plaintiff through his counsel, Thane Tyler Sponsel III, at his offices located at 50 Briar Hollow Ln., Suite 370 West, Houston, Texas 77027 no later than June 29, 2022.[5]

4. In the Order, the Court specifically stated that "Failure to comply with this Court's Order may result in further orders of this Court including fee shifting and civil contempt."[6]

5. Plaintiff's counsel did not receive payment from Defendant's counsel on June 29, 2022. After allowing a day for this payment to be made, on June 30, 2022 Plaintiff sent a demand letter (the "Demand") to Defendant informing Defendant of the overdue payment under the Order.[7] The Demand required Defendant to respond and/or tender payment as required by the Court's Order no later than 5:00 at the close of business on July 1, 2022.[8] If payment was not tendered, the Demand stated that Plaintiff would file a motion seeking to hold Defendant in civil contempt and move for additional fees and sanctions.[9]

6. As of the date of this filing, July 1, 2022, Defendant has yet to tender payment under the Order, necessitating the present Motion for Contempt.

---

[3] ECF No. 57.
[4] ECF No. 68.
[5] ECF No. 68.
[6] ECF No. 68.
[7] A copy of the June 30, 2022 Demand is attached hereto as Exhibit 1.
[8] *See* Exhibit 1.
[9] Exhibit 1.

### III. ARGUMENT AND AUTHORITIES

**A. Defendant should be held in civil contempt because he refused to comply with the May 25, 2022 Order despite active awareness of the same.**

7. Civil contempt is an inherent power of the courts to enforce compliance with their lawful orders by the imposition of fines, the awarding of costs, and the shifting of fees. *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir. 1990). The Fifth Circuit has held that bankruptcy courts under its jurisdiction have the authority to conduct civil contempt proceedings. *Placid Refining Company v. Terrebonne Fuel and Lube, Inc.*, 108 F.3d 609, 612 (5th Cir. 1997). Under prevailing law in this circuit, the test for civil contempt requires a showing that: (1) a court order was in effect; (2) the order required certain conduct; and (3) that the respondent failed to comply with the order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, Inc.*, 177 F.3d 380, 382 (5th Cir. 1996). A party commits contempt when they "violate a definite and specific order of the court requiring him to perform… particular act or acts with knowledge of the court's order." *Travelhost, Inc Blandford,* 68 F.3d 958, 961 (5th Cir. 1995) (*quoting Securities and Exchange Commission v. First Financial Group of Texas,* 659 F.2d 660, 669 (5th Cir. 1981).

*i. The May 25, 2022 Order requiring payment of attorney's fees is valid and active.*

8. In the present case, it is undisputed that the Order is both in effect and valid. There is also no dispute that the Defendant is aware of their obligations under the Order. On June 6, 2022, pursuant to this Court's Order, Defendant's counsel served Plaintiff with responses to Plaintiff's Second Set of Discovery Requests.[10] These responses were delivered with a covering email from David R. Wilson, one of Defendant's attorneys, indicating that they were sent in response to the

---

[10] A copy of Defendant's Responses to Plaintiff's Second Set of Discovery Requests served on June 6 is attached hereto as Exhibit 2.

Order.[11] It is worth noting that Defendant did not produce a single additional document in response to the Court's Order, claiming no responsive documents have been found.[12]

    *ii. The May 25, 2022 order required the payment of attorneys' fees to Plaintiff no later than June 29, 2022.*

9.    There is similarly no dispute that the Order required the payment of fees by a date certain. As stated in the Order:

> "pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Mohammad Ali Choudhri must may George M. Lee's reasonable attorney's fees in the amount of $3,896.25 incurred regarding 'Plaintiff George M. Lee's Motion to Compel Discovery and Motion for Sanctions/Costs' filed by George M. Lee on March 24, 2022. Mohammad Ali Choudhri must remit payment to George M. Lee by and though his counsel Thane Tyler Sponsel III, 50 Briar Hollow Ln. Suite 370 West Houston Texas 77027 no later than June 29, 2022 for the reasonable attorney's fees and costs."[13]

10.    The Order contained identical language for the additional amounts of $3,437.50, $486.05, and $1,200.00, respectively.[14]

    *iii. Defendant has refused to comply with the May 25, 2022 Order through the payment of attorneys' fees.*

11.    There is also no question that as of the date of this Motion for Contempt, Defendant has failed to comply with the Order.[15] This is in spite of the fact that Plaintiff sent correspondence to the Defendant on June 30, 2022 demanding compliance with the Court's Order and indicating that a motion for civil contempt would be filed and sanctions sought if payment was not made.[16]

---

[11] A copy of the covering email from David Wilson delivering Defendant's Responses to Plaintiff's Second Set of Discovery Requests served on June 6 is attached hereto as Exhibit 3.
[12] *See* Exhibit 2.
[13] ECF No. 68.
[14] ECF No. 68.
[15] *See* Affidavit of Thane Tyler Sponsel, III in support of Motion for Civil Contempt, attached hereto as Exhibit 4, attesting to attempts to reach out to opposing counsel regarding payment of civil sanctions. *See also* Exhibit 2.
[16] *See* Exhibit 2.

Thus, the test to impose civil contempt sanctions under well-established Fifth Circuit precedent is easily met by the record before the Court.

**B. Plaintiff requests that the Court assess civil contempt sanctions in the form of the award of attorneys' fees in bringing the present Motion for Contempt as well as a daily sanction in the amount of $1,000.00 per day until the May 25, 2022 Order is complied with.**

12. Following a finding of civil contempt, the Court may take several actions. One permissible form of civil contempt is incarceration of a party found in civil contempt for up to 18 months. 28 U.S.C. § 1826(a). The Court may order payment of actual damages, including attorneys' fees, from one party to another as a civil contempt sanction. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 399 (5th Cir. 1987). The Court may also impose a civil contempt section as a *per diem* fine payable to the Court to coerce compliance with a Court Order requiring performance of an affirmative act. *See Lamar Financial Corp. v. Adams*, 918 F.2d 564 (1990) (finding that a *per diem* amount of $500.00 per day was an appropriate civil sanction for failing to comply with a Court's order). According to the United States Supreme Court, the factors to be considered for the imposition of a civil contempt sanction are (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order. *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

    i. *Request for compensatory sanctions and sanctions to ensure compliance with the Court's May 25, 2022 Order.*

13. Plaintiff requests a two-fold imposition of civil contempt sanctions to enforce compliance with the Order. First, Plaintiff requests the imposition of civil sanctions in the form of fee shifting. *Petroleos Mexicanos,* 826 F.2d at 399. To date, Plaintiff has incurred the amount of

$2,537.50 in efforts to obtain Defendant's compliance with the Court's order[17]. Plaintiff also requests an additional $1,200.00 should a hearing be had on this Motion for Contempt.

14. Second, Plaintiff requests the imposition of sanctions to coerce compliance with the Court's order in requiring payment of the $9,019.80.[18] Plaintiff avers that a *per diem* fine of $1,000.00 per day, beginning with June 29, 2022 and continuing until the date of payment, is appropriate in this matter. A similar fine of $500.00 per day to incentivize compliance with a court order was upheld by the Fifth Circuit in *Lamar Financial Corp. v. Adams*, 918 F.2d 564 (1990).

> *ii. Analysis of the United Mine Workers factors shows these civil sanctions are appropriate given Defendant's intentional disregard of this Court's authority.*

15. Considering the factors in *United Mine Workers*, such a *per diem* sanction would be appropriate here. Plaintiff has already incurred substantial harm in the outflow of over $12,000.00 in attorneys' fees pursuing compliance both with the present Motion for Contempt and Plaintiff's prior motion to compel. Such a sanction would likely ensure prompt compliance with the Court's Order while not being so high as to be unconscionable or unjustified under the circumstances.

16. And perhaps most importantly in considering these factors, the imposition of such a sanction would be appropriate given the willfulness of Defendant's disregard for this Court's orders. This is not the first time that Defendant has flagrantly disregarding this Court. Defendant previously completely ignored the Court's April 5, 2021 Comprehensive Scheduling, Pre-Trial & Trial Order (the "Scheduling Order") requiring that discovery in this matter be conducted before February 1, 2022.[19] He has ignored not one but two separate sets of discovery requests.[20] He

---

[17] *See* Exhibit 4.
[18] ECF No. 68.
[19] ECF No. 32.
[20] ECF No. 53-5; ECF No. 53-3; ECF No. 53-2.

willfully refused to show for his deposition.[21] It is clear that he holds little respect for this Court and its orders.

17.     Moreover, the Court specifically indicated that if Defendant failed to comply with the Order, "Failure to comply with this Court's Order may result in further orders of this Court including fee shifting and civil contempt."[22] Yet despite this warning Defendant continues to willfully disregard the Court's authority. Such a sanction to coerce compliance, while perhaps harsh, is completely warranted under these circumstances.

*Prayer*

Therefore, for the forgoing reasons, Plaintiff, George Lee, respectfully prays that this Court enter an Order: (i) compelling Defendant Ali Choudhri to appear and show why he should not be held in civil contempt; (ii) find that Defendant Ali Choudhri is in civil contempt for violation of the Court's Order; (iii); award Plaintiff all his costs and fees incurred in filing the present Motion for Contempt; (iv) award Plaintiff $1,200.00 in the event that an oral hearing on these matters is necessary, (v) issue a civil contempt sanction against Defendant Ali Choudhri in the amount of $1,000.00 per day in which he does not comply with this Court's Order, beginning on June 29, 2022 and accumulating per day until the Order is complied with; and (vi) awarding Plaintiff any other relief to which he may be entitled to at law or in equity.

Dated: July 1, 2022         **SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Attorney-In-Charge
Federal Bar No. 690068/Texas State Bar No. 24056361
Roger B. Greenberg
Federal Bar No. 3932/Texas State Bar No. 08390000
Zachary A. Clark

---

[21] ECF No. 57-1.
[22] ECF No. 68.

>Federal Bar No. 3087665/Texas State Bar No. 24097502
>Allen Landon
>Federal Bar No. 3028753/ Texas State Bar No. 24091870
>50 Briar Hollow Ln., Suite 370 West
>Houston, Texas 77027
>Telephone: (713) 892-5400
>Facsimile (713) 892-5401
>Email: sponsel@smglawgroup.com
>Email: roger@smglawgroup.com
>Email: zachary.clark@smglawgroup.com
>Email: allen.landon@smglawgroup.com
>**Counsel for George M. Lee**

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022 I caused the foregoing *George M. Lee's Motion for Civil Contempt* to be electronically field with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List as listed below:

GOLD, WEEMS, BRUSER, SUES & RUNDELL
Evelyn I. Breithaupt (TBN: 24073951)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, Louisiana 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: ebreithaupt@goldweems.com

GUBERNICK LAW P.L.L.C.
Benjamin Gubernick
10720 West Indian School Rd. Ste. 19, PMB 12
Phoenix, AZ 85037
Telephone: (734) 678-5169
Email: ben@gubernicklaw.com

>*/s/ Thane Tyler Sponsel III*
>Thane Tyler Sponsel III

9

**CERTIFICATE OF CONFERENCE**

On June 30, 2022 I sent correspondence to Benjamin Gubernick, Jennifer MacGeorge, and Evelyn I. Breithaupt formally demanding compliance with this Court's May 25, 2022 order concerning the payment of attorneys' fees as sanctions, requesting compliance by making payment no later than 5:00 p.m. on July 1, 2022. I received no response to this correspondence. Moreover, Zachary Clark, an attorney at my office, attempted to reach out by phone to Jennifer MacGeorge on July 1, 2022 to confer regarding the present motion. Defendant's counsel did not respond to either request before 5:00 p.m. as of the time of the filing of this Motion for Contempt.

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III