United States Bankruptcy Court
Southern District of Texas

**ENTERED**

November 14, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 18-32218** |
| **BRIAR BUILDING HOUSTON LLC,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| **GEORGE M LEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 20-3395** |
| | § | |
| **MOHAMMAD ALI CHOUDHRI,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Mohammad Ali Choudhri seeks reconsideration of this Court's May 25, 2022 Order which, inter alia, struck all thirteen of Mohammad Ali Choudhri's affirmative defenses in this adversary proceeding. On November 4, 2022, the Court held a hearing on the matter and for the reasons stated below, the Court finds that Mohammad Ali Choudhri's motion to reconsider is granted in part and denied in part. The Court will amend its May 25, 2022 Order to allow Mohammad Ali Choudhri to raise affirmative defenses two and nine in his answer to the complaint, waiver and release respectively. The rest of the Court's May 25, 2022, Order will remain in effect.

### I. BACKGROUND

1. On July 1, 2014, Mohammad Ali Choudhri ("*Defendant*") executed a personal guaranty (the "*Guaranty*") of a loan to 1001 West Loop, L.P. (the "*Loan*") made by George M. Lee ("*Plaintiff*").[1]

---

[1] Citations to the docket in this adversary proceeding styled George M. Lee vs. Mohammed Ali Choudhri 20-3395 (the "Adversary Proceeding"), shall take the form "ECF No. ——," while citations to the bankruptcy case styled In re Briar Building Houston LLC, 18-32218 (the "Bankruptcy Case"), shall take the form "Bankr. ECF No. ——."; Any

2. The Loan by Plaintiff was memorialized by a certain promissory note (the "*Note*") in the total amount of $2,681,830.00.[2]  The Loan had an interest rate of fourteen percent (14%).[3]

3. In the Guaranty, Defendant promised that he would remain liable for the Note in the event that 1001 West Loop, L.P. should fail to make its payment obligations under the same.[4]

4. 1001 West Loop, L.P. ceased payments on the Note after January of 2017.[5]

5. The Note fully matured on July 1, 2017, when all payment and principal became due and owing on that date.[6]

6. On April 10, 2018, BDFI, LLC ("*BDFI*") filed an Appointment of Substitute Trustee ("*Foreclosure Notice*") in the real property records of Harris County, Texas ("*Harris County Records*").[7]

7. The Foreclosure Notice indicated that BDFI intended to foreclose against a property located at 50 Briar Hollow Lane, Houston, Texas 77027 ("*Property*") subject to a certain Deed of Trust, dated December 30, 2013 ("*First Lien DOT*"), which had been executed by the Property's previous owner 50 Briar Hollow, LLC.[8]

8. The First Lien DOT secured a $20,000,000 Promissory Note, dated December 30, 2013 ("*Senior Note*"), made by 50 Briar Hollow, LLC in favor of Green Bank, N.A. ("*Green Bank*").[9]

9. Green Bank subsequently assigned the Senior Note, the First Lien DOT, and certain related liens and other documents to BDFI on March 9, 2018, pursuant to an assignment and assumption agreement, dated March 9, 2018 ("*Assignment*").[10]

10. The Assignment was recorded in the Harris County Records on March 12, 2018.[11]

11. On April 30, 2018, Briar Building Houston, LLC ("*Debtor*") filed a chapter 11 petition ("*Petition*").[12]

---

reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.; ECF No. 95-1.

[2] ECF No. 95-8, ¶ 1.

[3] *Id.*

[4] *Id.* at 1, ¶¶ 1, 2.

[5] *Id.*

[6] *Id.; See also* ECF No. 95-8 at 5.

[7] Bankr. ECF No. 38 (recorded under File No. RP-2018-152622).

[8] Bankr. ECF No. 1-1 (in the Harris County Records under File No. 20130647992).

[9] *Id.*

[10] *Id.*

[11] *Id.* (in the Harris County Records under File No. RP-2018-102728).

[12] Bankr. ECF No. 1.

12. At the time of filing, Debtor's main asset was the Property.[13]   Plaintiff owns one hundred percent (100%) of the membership interests of the Debtor.[14]   Plaintiff previously owned the Property individually but transferred the Property to Debtor pursuant to a special warranty deed dated April 4, 2018 ("*April 4, 2018 Deed*"), which was recorded on April 5, 2018.[15]

13. In exchange for the April 4, 2018 Deed, Debtor gave Plaintiff a $3,150,000 Promissory Note ("*Junior Note*") and granted Plaintiff a Deed of Trust, Security Agreement-Financing Statement, dated April 5, 2018 ("*Second Lien DOT*"), against the Property to secure the Junior Note.[16]   The Second Lien DOT was recorded in the Harris County Records on April 5, 2018.[17]

14. On May 4, 2018, a dispute arose regarding, inter alia, Debtor's use of cash collateral.[18]   Nevertheless, on May 11, 2018, Debtor, Plaintiff, and BDFI resolved their differences regarding the Property, which resulted in Debtor filing a Motion to Compromise on May 15, 2018, setting forth a Forbearance Agreement ("*Motion to Compromise*").[19]   Debtor asked the Court to approve it, along with a Motion to Dismiss the Chapter 11 Proceeding.[20]   Attached to the Order approving the Motion to Compromise was a fully executed copy of an agreement between the parties dated May 11, 2018 ("*May 11, 2018 Forbearance Agreement*").[21]   After conducting an evidentiary hearing on May 22, 2018, the Court approved the Motion to Compromise ("*May 22, 2018 Order*") and the Motion to Dismiss.[22]   The bankruptcy case was dismissed on the same date.[23]

15. On August 11, 2020,[24] and again on September 14, 2020,[25] Defendant was put on written notice of default under the Guarantee of the Note.

16. On March 10, 2020, Plaintiff filed a lawsuit in the 152nd Judicial District Court, Harris County, Texas styled as Cause No. 2020-16175 *George M. Lee v. Mohammad Ali Choudhri* ("*State Court Lawsuit*").[26]   The State Court Lawsuit involves a dispute regarding Defendant's Guaranty of the Loan made by Plaintiff regarding a commercial real property located at 1001 West Loop L.P. South, Houston, Texas and in which Plaintiff seeks damages in the amount of $4,219,951.30.[27]

---

[13] *Id.*
[14] Bankr. ECF No. 29.
[15] *Id.* (in the Harris County Records under File No. RP-2018-144450).
[16] *Id.*
[17] *Id.* (in the Harris County Records under File No. RP-2018-144451).
[18] Bankr. ECF No. 18.
[19] Bankr. ECF Nos. 29, 30.
[20] *Id.*
[21] Bankr. ECF No. 38.
[22] Bankr. ECF Nos. 38, 39.
[23] Bankr. ECF No. 39.
[24] ECF No. 95-2.
[25] ECF No. 95-6.
[26] ECF No. 1-1.
[27] ECF No. 1.

17. On August 19, 2020, the State Court Lawsuit was removed to this Court.[28]

18. On February 1, 2021, Plaintiff filed "Plaintiff George M. Lee's First Amended Complaint" ("*Complaint*").[29]

19. On March 1, 2021, Defendant filed "Defendant Ali Choudhri's Answer to Plaintiff George M. Lee's First Amended Complaint" ("*Answer*") in which Defendant raised thirteen separate affirmative defenses, including for (1) failure to state a claim, (2) waiver, (3) equitable estoppel, (4) judicial estoppel, (5) laches, (6) failure to mitigate damages, (7) failure of conditions precedent, (8) lack of consideration, (9) release, (10) offset, (11) unjust enrichment, (12) unconscionability, and (13) existence of an arbitration agreement ("*Affirmative Defenses*").[30]

20. On March 31, 2021, Plaintiff and Defendant filed their "Joint Discovery/Case Management Plan Pursuant to Federal Rule of Civil Procedure 26(f)" ("*Joint Discovery/Case Management Plan*").[31]

21. On April 4, 2021, the Court entered its Comprehensive Scheduling, Pre-Trial & Trial Order affirming and incorporating the Joint Discovery/Case Management Plan ("*26(f) Order*").[32] The 26(f) Order required the parties to serve their initial disclosures under Federal Rule of Civil Procedure 26(a), including documents in support of the party's claims or defenses, no later than April 9, 2021.[33]  The 26(f) Order identified the close of the discovery period as February 1, 2022 ("*Discovery Period*").[34]

22. On April 9, 2021, Defendant filed "Defendant Ali Choudhri's Initial Disclosures" ("*Initial Disclosures*") pursuant to the Court's 26(f) Order and Federal Rule of Civil Procedure 26(a).[35] Defendant did not produce any documents in support of his Affirmative Defenses in his Initial Disclosures, and only made reference to "the records of proceedings in the related bankruptcy cases as well as the forbearance agreement entered into May 11, 2018…"[36]

23. Plaintiff requested that Defendant produce documents related to his Affirmative Defenses three times on December 29, 2021, February 14, 2022, and March 9, 2022.[37]

---

[28] 20-3395, ECF No. 1; 20-3398, ECF No. 1.
[29] ECF No. 28.
[30] ECF No. 29.
[31] ECF No. 30.
[32] ECF Nos. 30, 32.
[33] ECF No. 30, ¶ 6.
[34] *Id.*
[35] ECF No. 35.
[36] ECF No. 35.
[37] *See* ECF Nos. 66-2, 66-4, and 66-5.

24. On March 24, 2022, Plaintiff filed  "Plaintiff George M. Lee's Motion to Compel Discovery and Motion for Sanctions/Costs" ("*Motion to Compel*").[38]  On April 4, 2022, Plaintiff filed his "Plaintiff George M. Lee's First Supplement to Motion to Compel Discovery and Motion for Sanctions/Costs" ("*Motion to Compel Supplement*").[39]

25. Defendant filed no response to the Motion to Compel or Motion to Compel Supplement.

26. On May 25, 2022, the Court held an evidentiary hearing on the Motion to Compel and Motion to Compel Supplement and after considering the pleadings on file, evidence in the record, arguments of the parties, and applicable law, the Court found that the Plaintiff's Motion to Compel and Motion to Compel Supplement should be granted in part.[40]  Among other things, the Court struck all of Defendant's Affirmative Defenses pursuant to FED. R. CIV. P.[41] 37(b)(2)(A)(iii) ("*Sanctions Order*").[42]

27. On September 27, 2022, Defendant filed  "Defendant's Motion to Set Aside Death Penalty Sanctions" ("*Motion to Reconsider*").[43]

28. On October 18, 2022, Plaintiff filed  "Plaintiff George M. Lee's Response to Motion to Set Aside Death Penalty Sanctions" ("*Response*").[44]

29. On November 3, 2022, Defendant filed  "Defendant's Reply in Support of Motion to Set Aside Death Penalty Sanctions (Dkt. No. 97)" ("*Reply*").[45]

30. On November 4, 2022, the Court held a hearing on the matter ("*Hearing*") and now issues its instant memorandum opinion.

## II. JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11."[46] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein

---

[38] ECF No. 53.
[39] ECF No. 57.
[40] ECF No. 68.
[41] All references to "Rule _" are a reference to the Federal Rules of Civil Procedure.
[42] ECF No. 68.
[43] ECF No. 97.
[44] ECF No. 98.
[45] ECF No. 105.
[46] 28 U.S.C. § 1334.

the latter court will appropriately preside over the matter.[47]  This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), this Adversary Proceeding contains core matters because the Complaint primarily asserts claims and seeks relief that rely on the Court's interpretation and enforcement of its May 22, 2018 Order.[48]

Furthermore, this Court may only hear a case in which venue is proper.[49]  Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[50]  This Court presided over Debtor's main bankruptcy proceeding.[51]  Therefore, venue is proper.

This Court must evaluate whether it has constitutional authority to enter an order in this case. In *Stern v. Marshall,* which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[52]  However, *Stern* is inapplicable to the Motion to Reconsider.  *Stern* concerned final orders entered by the bankruptcy court and here, the Court need only enter an interlocutory order because motions to reconsider pursuant to Federal Rule of Civil Procedure 54(b) are interlocutory.[53]  Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[54]  Therefore, this Court need not determine whether

---

[47] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[48] *See In re Briar Bldg. Houston LLC*, No. 18-32218, 2021 WL 136355, at *6 (Bankr. S.D. Tex. Jan. 14, 2021) (discussing at length the Court's prior reasoning why the Adversary Proceeding is a core proceeding).
[49] 28 U.S.C. § 1408.
[50] 28 U.S.C. § 1409(a).
[51] Bankr. Case No. 18-32218.
[52] 564 U.S. 462, 503 (2011).
[53] *See e.g., Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[54] *West v. WRH Energy Partners LLC (In re Noram Res., Inc.)*, 2011 Bankr. LEXIS 5183, at *3, 2011 WL 6936361 (Bankr. S.D. Tex. Dec. 30, 2011).

it has constitutional authority to enter a final order because an interlocutory order is all that is required by the instant Motion to Reconsider.[37]  Additionally, both Plaintiff and Defendant have consented to entry of a final order or judgment by the Bankruptcy Court.[55]  This express consent also provides the Court constitutional authority to enter a final judgment.[56]

## III.  ANALYSIS

### A.  Standard of review for a motion to reconsider

Defendant fails to identify what rule he brings the Motion to Reconsider under, leaving the Court to make this determination.  Although there is no specific provision for a motion to reconsider under the Federal Rules of Civil Procedure,[57] motions for reconsideration are primarily brought under either Rule 54(b) or Rule 59(e).[58]  Whereas Rule 59(e) applies only to final judgments, and does not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits a district court to reconsider and reverse its decision for any reason.[59]  "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."[60]

When the trial court applies the more stringent Rule 59(e) standard in denying a motion to reconsider an interlocutory order, it must be vacated and remanded for the trial court to reconsider

---

[55] ECF Nos. 38, 39.

[56] *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1944–47, 191 L.Ed.2d 911 (2015) and *In re Delta Produce, L.P.*, 845 F.3d 609, 617 (5th Cir. 2016).

[57] *In re Trevino*, 599 B.R. 526, 535 (Bankr. S.D. Tex. 2019); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."); *United States v. Fisch*, No. H-11-722, 2018 WL 1541780, at *3 (S.D. Tex. Mar. 28, 2018).

[58] *In re USA Promlite Tech. Inc.*, No. 18-36893, 2020 WL 717412, at *2 (Bankr. S.D. Tex. Jan. 10, 2020); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336–38 (5th Cir. 2017).  *See also* Fed. R. Civ. P. 60(b) (numerating additional reasons that a court may amend a final order or judgment).

[59] *In re Trevino*, 599 B.R. at 535; *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

[60] *In re Trevino*, 599 B.R. at 535 (citing *Austin*, 864 F.3d at 337 (internal quotations omitted)).

the motion for reconsideration under the more flexible Rule 54(b) standard.[61]  Here, because the Court's Sanctions Order did not dispose of all parties and all claims, it is not a final judgment, and is thus interlocutory.[62]  As such, the Court will address the Motion to Reconsider under Rule 54(b)[63] and not under Rule 59(e).  "The standard of review for a Rule 54(b) motion is typically held to be less exacting than the standard for Rule 59(e), and the Court has broad discretion to revise orders under Rule 54(b).[64]  Under Rule 54(b), the trial court can reconsider and reverse its decision for any reason it deems sufficient."[65]

As a preliminary matter, the Court will first address Plaintiff's contention that Defendant's Reply was untimely under the local rules and should be struck.

## B.  Whether Defendant's Reply is untimely

At the Hearing, Plaintiff argued that Defendant's Reply was untimely under District Local Rule 7.4 and should not be considered.[66]  The Court agrees.  Bankruptcy Local Rule 1001-1(b) incorporates all of the Local Rules of the District Court.[67]  District Local Rule 7.4(E) provides that, "[u]nless otherwise directed by the presiding judge, a party who has filed an opposed motion may file a brief within 7 days from the date the response is filed."[68]  Plaintiff filed his Response October 18, 2022, and Defendant filed his Reply November 3, 2022, sixteen days after Plaintiff's

---

[61] *Id.* (citing *Austin*, 864 F.3d at 337).

[62] *See* ECF No. 68.

[63] *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

[64] *Black v. Experian Info. Sols., Inc*., No. CV H-21-04231, 2022 WL 1809307, at *2 (S.D. Tex. June 2, 2022).

[65] *Id.* (citing *Austin*, 864 F.3d at 336).

[66] *See* ECF No. 111 at 9, ¶¶ 9-12.

[67] S.D. Tex. B.L.R. 1001-1(b) ("In addition to these rules, the Local Rules of the District Court… govern practice in the bankruptcy court.").

[68] S.D. Tex. L.R. 7.4(E).

Response was filed.[69]  As such, under District Local Rule 7.4(E) the Reply is untimely and will not be considered.[70]

       Accordingly, Defendant's Reply is stricken.

## C.  Defendant's Motion to Reconsider

       Defendant seeks reconsideration of this Court's May 25, 2022 Order which, inter alia, struck all thirteen of Defendant's affirmative defenses in this adversary proceeding.[71]  Defendant raised thirteen separate affirmative defenses in his Answer, including for (1) failure to state a claim, (2) waiver, (3) equitable estoppel, (4) judicial estoppel, (5) laches, (6) failure to mitigate damages, (7) failure of conditions precedent, (8) lack of consideration, (9) release, (10) offset, (11) unjust enrichment, (12) unconscionability, and (13) existence of an arbitration agreement.[72]  Section 1b of the Court's Sanctions Order provides that "Pursuant to Rule 37(b)(2)(A)(iii) Mohammad Ali Choudhri's affirmative defenses are STRUCK."[73]  Defendant argues that Section 1b of the Court's Sanction Order was issued in error because Rule 37(b)(2)(A)(iii) sanctions cannot be predicated on violation of the Court's 26(f) Order.[74]  Plaintiff contends that the Court's Sanctions Order was appropriate under the plain language of the Rule and Fifth Circuit caselaw.[75]

### 1.  Whether Rule 37(b)(2)(A)(iii) sanctions can be predicated on violation the Court's 26(f) Order

       Defendant argues that Section 1b of the Court's Sanction Order was issued in error because Rule 37(b)(2)(A)(iii) sanctions cannot be predicated on violation of the Court's 26(f) Order.[76]

---

[69] *See* ECF No. 98, 105.
[70] *Id. See also Pena Arita v. Cnty. of Starr, Texas*, No. 7:19-CV-00288, 2020 WL 5505929, at *1 (S.D. Tex. Sept. 11, 2020).
[71] ECF No. 97.
[72] ECF No. 29.
[73] ECF No. 68.
[74] ECF No. 97 at 2, ¶ 2; ECF No. 111 at 5, ¶¶ 19-25.
[75] ECF No. 98.
[76] ECF No. 97 at 2, ¶ 2; ECF No. 111 at 5, ¶¶ 19-25.

Rule 37(b) provides, in relevant part:

> (b) Failure to Comply with a Court Order.
> …
>> (2) Sanctions Sought in the District Where the Action Is Pending.
>>
>>> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>>>> …
>>>> (iii) striking pleadings in whole or in part…[77]

Defendant is asking this Court to disregard the plain language of Rule 37(b)(2)(A), which unambiguously provides "[i]f a party… fails to obey an order to provide or permit discovery, *including an order under Rule 26(f)*… the court… may issue further just orders… include[ing]… striking pleadings in whole or in part."[78]  The Supreme Court has held that "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters."[79]  The Court will briefly consider if Defendant has shown that the plain language of Rule 37(b)(2)(A) is "demonstrably at odds" with its drafters.

Defendant cites to several out of circuit cases in support of his contention that the Court's 26(f) Order is not a sufficient basis for imposing Rule 37(b) sanctions.[80]  Defendant relies primarily on *R.W. Int'l Corp. v. Welch Foods, Inc.* for this proposition.[81]  However, the First Circuit's holding in *R.W. Int'l Corp.* was not that violation of a scheduling order can never be the basis for Rule

---

[77] Fed. R. Civ. P. 37(b)

[78] Fed. R. Civ. P. 37(b)(2)(A).

[79] *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989).

[80] *See* ECF No. 97 at 3.

[81] ECF No. 97 at 3, ¶5 (citing 937 F.2d 11, 18–19 (1st Cir.1991)). *See also* ECF No. 111 at 5, ¶¶ 19-25 (Defendant's counsel stating "the only case I can find regarding whether or not a 26 order could be grounds for sanctions is the First Circuit case RW Intern Corp versus Welch Foods, Inc. and that Court said that no -- a Scheduling Order could not be predicate grounds for Rule 37(b) sanctions.").

37(b) sanctions as Defendant asserts.[82]  The issue in *R.W. Int'l Corp.* was whether a general sched-

uling order was sufficiently explicit to put the plaintiffs in that case on notice that they needed to

turn over specific discovery materials as required to impose Rule 37(b) sanctions.[83]  The First

Circuit explained:

> Whether or not plaintiffs' failure to produce documents can legally serve as the
> basis for a Rule 37(b)(2) dismissal depends… on whether the refusal was in defi-
> ance of a *sufficiently explicit* court order.
> …
> [W]hen a court issues a broad-form discovery order, and the party to whom it is
> addressed complies with it somewhat less than fully, withholding documents argu-
> ably outside the order's scope, the district court cannot dismiss without first entering
> an order commanding production of the specific materials.[84]

Thus, the First Circuit's holding *R.W. Int'l Corp.* was that a general scheduling order must be

sufficiently explicit to impose Rule 37(b) sanctions, and not that violation of a scheduling order

can never be the basis of Rule 37(b) sanctions.[85]  None of Defendant's other cited cases support

his argument either,[86] nor is there any case in the Fifth Circuit that supports this argument.

Defendant has failed to demonstrate that the plain language of Rule 37(b)(2)(A) is demon-

strably odds with the intentions of its drafters.  As such, the Court dispenses with Defendant's

meritless argument that violation of the Court's 26(f) Order cannot be the basis for Rule 37

---

[82] ECF No. 111 at 5, ¶¶ 19-25.

[83] *R.W. Int'l Corp.* 937 F.2d at 18-19.

[84] *R.W. Int'l Corp.* 937 F.2d at 16-17 (emphasis added).

[85] *Id.*

[86] *See* ECF No. 97 at 3 (citing *Shepherd v. ABC, Inc.*, 62 F.3d 1469, 1474 (D.C.Cir.1995) (providing that "a production order is generally needed to trigger Rule 37(b)."; *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir.2020) (providing that "[a] court may impose sanctions pursuant to Rule 37(b)(2)(A) only when the transgressing party has violated a prior court order."; *Unigard Sec. Ins. v. Lakewood Eng'g & Mfg.*, 982 F.2d 363, 368 (9th Cir.1992) (provid-ing that Rule 37(b)(2)(A) sanctions require some sort of prior court order); *Schempp v. Reniker*, 809 F.2d 541, 542 (8th Cir.1987) (concerning sanctions for failing to sit for a physical examination under Rule 35(a)); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364–65 (2d Cir.1991) (providing that "there must be a valid court order in force before sanctions may be imposed pursuant to Rule 37(b)(2)."); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341–42 (8th Cir.1975) (finding that Rule 37(b) sanctions requires a prior order from the court).

sanctions.  The Court will next consider if Section 1b of the Court's Sanctions Order was appropriate under Fifth Circuit caselaw.

### 2.  Whether the Court's Sanctions Order was appropriate under Fifth Circuit caselaw

To strike pleadings as a sanction under Rule 37(b)(2)(A)(iii) the Fifth Circuit requires that (1) there was willful misconduct and (2) that lesser sanctions will not achieve the desired deterrent effect.[87]  The Court will consider each in turn.

#### a.  Defendant's misconduct was willful

The Court's 26(f) Order unambiguously provides that Defendant shall serve his initial disclosures as required by Rule 26(a) by April 9, 2021.[88]  Rule 26(a) provides, in relevant part, that parties shall produce, "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses…"[89]  Plaintiff also made three separate demands during the course of discovery for documents relating to Defendant's Affirmative Defenses.[90]  Notwithstanding, Defendant failed to produce any documents relating to his Affirmative Defenses until May 23, 2022,[91] two days before the Court held a hearing on Plaintiff's Motion to Compel that gave rise to the Sanctions Order.[92]  Furthermore, Defendant filed no response to the Motion to Compel or Motion to Compel Supplement that gave rise to the Sanctions Order.  At the May 25, 2022, sanctions hearing, Defendant offered no explanation as to why Defendant had failed to timely comply with the 26(f) Order, and Defendant instead inexplicably

---

[87] *Matter of Ridgeway*, 973 F.3d 421, 428 (5th Cir. 2020). *See also Smith & Fuller, P.A. v. Cooper Tire & Rubber* Co., 685 F.3d 486, 488 (5th Cir. 2012).
[88] ECF Nos. 30 at 3; 32.
[89] Fed. R. Civ. P. 26(a).
[90] ECF Nos. 66-2, 4, 5.
[91] ECF No. 66-15.
[92] ECF No. 68.

requested that the Court involuntarily order both parties to mediation, which the Court denied.[93] As such, the Court concludes that Defendant was well aware of his discovery obligations, and his refusal to timely turn over documents relating to his Affirmative Defenses was willful non-compliance with the Court's 26(f) Order.

### b.  Lesser sanctions will not achieve the desired deterrent effect

As one court put it, "[a] party is not allowed to lie in wait behind a log and then ambush the other party with a key piece of evidence after extensive discovery and expenses have been incurred."[94]  Defendant has engaged in a routine pattern of unwillingness to cooperate with basic discovery requests since the inception of this case and only began to produce documents with regard to his Affirmative Defenses on May 23, 2022, two days before the Court's hearing on the Motion to Compel and more than a year after the Court's 26(f) Order deadline to produce these documents.[95]  Furthermore, Defendant waited until September 27, 2022, over four months after the Court issued its Sanctions Order, to file his Motion to Reconsider.[96]  Trial is set to begin November 29, 2022.[97]  Given this, the Court finds that a lesser sanction not only would not have the desired deterrent effect on Defendant but would be highly prejudicial to Plaintiff, who will have no time to prepare a meaningful defense to Defendant's many Affirmative Defenses were the Court to allow Defendant to raise all of them now.

However, after careful consideration of evidence taken  at the Hearing, the Court will carve out  two  exceptions  under  its  broad  authority  to  revise  its  orders  pursuant  to  Rule  54(b).[98]

---

[93] See ECF No. 110 at 12, ¶ 25, 13 at ¶¶ 1-12.
[94] *Tobias v. Davidson Plywood*, 241 F.R.D. 590, 594 (E.D. Tex. 2007).
[95] ECF No. 66.
[96] ECF No. 97.
[97] September 27, 2022, Min. Entry.
[98] *Black v. Experian Info. Sols., Inc.*, No. CV H-21-04231, 2022 WL 1809307, at *2 (S.D. Tex. June 2, 2022) (citing *Austin*, 864 F.3d at 336).

Notwithstanding Defendant's failure to timely turn over documents relating to his Affirmative Defenses, Defendant's Initial Disclosures do make reference to the "records of proceedings in the related bankruptcy cases as well as the forbearance agreement entered into May 11, 2018."[99] Plaintiff is also intimately familiar with the May 11, 2018 Forbearance Agreement, as he was a party to this agreement and this agreement constitutes a significant part of the present case. As such, the Court is convinced that Plaintiff was sufficiently on notice that Defendant would use the May 11, 2018 Forbearance Agreement in his defense and that it would not be prejudicial to allow Defendant to raise Affirmative Defenses two and nine, waiver and release respectively, as they relate to the May 11, 2018 Forbearance Agreement. Plaintiff also conceded this point at the Hearing.[100]

Accordingly, Defendant's Motion to Reconsider is granted in part and denied in part. The Court will reform its Sanctions Order to allow Defendant to raise his release and waiver Affirmative Defenses as it relates to the May 11, 2018 Forbearance Agreement. The rest of the Court's Sanctions Order will remain in effect.

## IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED November 14, 2022

Eduardo Rodriguez
United States Bankruptcy Judge

---

[99] *See* ECF No. 35. *See also* ECF No. 111 at 24, ¶¶ 4-8.
[100] See ECF No. 111 at 37, ¶25, 38, ¶¶ 1-3 (Mr. Clark: "With respect to affirmative defenses 2 and 9 at the most, we - at the most, they would be entitled to their best day a reaffirmation of the Order striking all affirmative defenses except for 2 and 9.").