IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 18-32218 |
| BRIAR BUILDING HOUSTON LLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| GEORGE M LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 20-3395 |
| | § | |
| MOHAMMAD ALI CHOUDHRI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

In an odd turn of events, Mohammad Ali Choudhri, the party who initially removed the instant proceeding to this Court, consented to the entry of final orders on all non-core maters by this Court, opposed George M. Lee's motion to remand and won, now seeks to remand it back to state court after litigating in this Court for over two years and George M. Lee, the party who initially sought remand and lost is now opposing remand. On the day trial was to commence in this adversary proceeding, Mohammad Ali Choudhri filed the instant motion to remand for lack of subject matter jurisdiction. On February 8, 2023, the Court conducted a hearing and for the reasons stated herein the Court finds that it does in fact lack subject matter jurisdiction over this proceeding and remands it back to the 152nd Judicial District Court of Harris County, Texas.

### I. BACKGROUND

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion

of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.[1] For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's January 14, 2021, and November 14, 2022, Memorandum Opinions.[2]

1. On April 30, 2018, Briar Building Houston, LLC ("*Debtor*") filed a Chapter 11 petition ("*Petition*").[3]

2. On May 15, 2018, Debtor filed a motion to compromise that incorporated a fully executed copy of an agreement dated May 11, 2018, ("*May 11, 2018, Forbearance Agreement*").[4] After conducting an evidentiary hearing on May 22, 2018, the Court approved the Motion to Compromise ("*May 22, 2018, Order*") and the motion to dismiss.[5] The bankruptcy case was dismissed on the same date.[6]

3. On August 19, 2020, Mohammad Ali Choudhri ("*Defendant*") removed the present proceeding from the 152nd Judicial District Court of Harris County, Texas, to this Court, thus initiating the instant adversary proceeding ("*Adversary Proceeding*").[7]

4. On September 20, 2020, George M. Lee ("*Plaintiff*") filed a motion to remand the Adversary Proceeding back to the 152nd Judicial District Court of Harris County, Texas.[8]

5. On January 14, 2021, this Court issued a Memorandum Opinion and Order denying Plaintiff's motion for remand.[9]

---

[1] Citations to the docket in this adversary proceeding styled *Lee v. Choudhri,* 20-3395, shall take the form "ECF No. —," while citations to the bankruptcy case, 18-32218, shall take the form "Bankr. ECF No. —." Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C. or 28 U.S.C.
[2] ECF No. 23, 114.
[3] Bankr. ECF No. 1.
[4] Bankr. ECF No. 30.
[5] Bankr. ECF No. 39.
[6] *Id.*
[7] ECF No. 1.
[8] ECF No. 12.
[9] ECF Nos. 23, 24.

6. On November 28, 2022, Defendant filed his "Defendant's Motion For Remand For Lack Of Subject Matter Jurisdiction" ("*Motion to Remand*").[10]

7. On December 21, 2022, Plaintiff filed his "Objection To Defendant's Motion To Remand For Lack Of Subject Matter Jurisdiction"[11] and "Plaintiff's Memorandum Of Law In Support Of Objection To Defendant's Motion To Remand For Lack Of Subject Matter Jurisdiction" ("*Response*").[12]

8. On January 4, 2023, Defendant filed his "Defendant's Reply in Support of Motion to Remand"[13] ("*Reply*").

9. On February 8, 2023, the Court held a hearing and now issues its instant Memorandum Opinion.

## II.     JURISDICTION AND VENUE

28 U.S.C. § 1334(b) grants this Court jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." The jurisdictional issue presented is whether this Court has subject matter jurisdiction under § 1334(b) over the Adversary Proceeding.

This Court may only hear a case in which venue is proper.[14] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The Court presided over the underlying bankruptcy proceeding therefore venue of this proceeding is proper.

## III.     ANALYSIS

**A.     Standard of review for considering bankruptcy jurisdiction over removed state court proceedings**

28 U.S.C. § 1452(a) provides that "A party may remove any claim or cause of action in a civil action… to the district court for the district where such civil action is pending, if such district

---

[10] ECF No. 124.
[11] ECF No. 128.
[12] ECF No. 129.
[13] ECF No. 130.
[14] 28 U.S.C. § 1408.

court has jurisdiction of such claim or cause of action under section 1334 of this title."[15] Section 1334(b) grants this Court jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[16] "Arising under" jurisdiction requires that the proceeding "invoke a substantive right provided by [the Bankruptcy Code]."[17] "Arising in" jurisdiction refers to proceedings that are not based on any provision of the Bankruptcy Code, but nonetheless "would have no existence outside of the bankruptcy."[18] Taken together, proceedings that are "arising under" or "arising in" bankruptcy comprise this Court's core jurisdiction.[19]

This Court may also exercise jurisdiction over proceedings that "relate to" a case under the Bankruptcy Code.[20] A proceeding is "related to" a case under the Bankruptcy Code "when the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[21] In other words, "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."[22] "The existence of subject matter jurisdiction is determined at the time of removal."[23] "If 'related to' jurisdiction exists at the time of removal subsequent events 'cannot divest the district court of that subject matter jurisdiction.'"[24]

---

[15] 28 U.S.C. § 1452(a). *See also* 28 U.S.C. § 157(a) ("[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").
[16] 28 U.S.C. § 1334(b).
[17] *EOP-Colonnade of Dallas Ltd. P'ship v. Faulkner (In re Stonebridge Techs., Inc.)*, 430 F.3d 260, 267 (5th Cir. 2005).
[18] *In re Wood*, 825 F.2d at 97.
[19] *Id.*
[20] 11 U.S.C. § 157(c)(1); 28 U.S.C. § 1334(b).
[21] *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995) (alteration in original) (citations omitted).
[22] *Id.* (citing *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988)). *See also, e.g.*, *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (holding that "the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simply proceedings involving the property of the debtor or the estate.").
[23] *In re Bissonnet Invs. LLC*, 320 F.3d 520, 525 (5th Cir. 2003).
[24] *In re Enron Corp. Sec.*, 535 F.3d 325, 336 (5th Cir. 2008) (citing *In re Celotex Corp.*, 124 F.3d 619 (4th Cir. 1997)).

B.     **Defendant's Motion to Remand**

Defendant argues that remand is required because this Court lacks subject matter jurisdiction under 28 U.S.C. § 1334 over the present Adversary Proceeding.[25] In support, Defendant cites to *Garza v. Earthstone Energy, Inc.*, a recent opinion issued by the District Court for the Southern District of Texas concerning bankruptcy jurisdiction.[26] Defendant cites *Garza* for its holding that the so called "well-pleaded complaint rule" applies across the board to removals asserting bankruptcy jurisdiction under § 1334.[27] Defendant argues that an application of the well-pleaded complaint rule to the present case deprives this Court of federal subject matter jurisdiction because Plaintiff's original state court petition at the time of removal did not assert a federal right or claim on the face of the complaint.[28]

C.     **Whether the well-pleaded complaint rule applies to removal actions asserting bankruptcy jurisdiction under § 1334.**

The well-pleaded complaint rule provides that, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[29] "Ordinarily, a case may not be removed on the basis of a federal defense… even if the defense is anticipated in the complaint, and even if both parties concede that the federal defense is the only question truly at issue."[30] The Supreme Court has held on more than one occasion, but most recently in *Rivet v. Regions Bank of Louisiana*, that district courts must apply the well-pleaded complaint rule over removed causes of action when assessing whether federal question jurisdiction

---

[25] ECF No. 124 at 2.
[26] *Id.* (citing 582 F. Supp. 3d 405 (S.D. Tex. 2022)).
[27] *Id.* (citing 582 F. Supp. 3d at 410-11).
[28] ECF No. 124 at 3-4.
[29] *Garza*, 528 F. Supp. 3d at 410 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, (1998) (further citations omitted)).
[30] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987).

exists under § 1331.[31] There has been some uncertainty regarding if and to what degree the well-pleaded complaint rule should apply in assessing bankruptcy jurisdiction under § 1334, and there is a split of authority among lower courts.[32]

The court in *Garza* held that bankruptcy courts must utilize the well-pleaded complaint rule in assessing bankruptcy jurisdiction over removed cases § 1334.[33] *Garza* supports its conclusion that the well-pleaded complaint rule applies to § 1334, including to this Court's "related to" jurisdiction, by citing to three cases: *In re Polvado*,[34] *Malesovas v. Sanders*,[35] and *In re LJM2 Co-Inv., L.P.*[36] However, this Court notes that none of these cases engaged in a meaningful analysis of whether the well-pleaded complaint rule should apply only to the bankruptcy court's "arising under" jurisdiction or if it should also apply to the court's "arising in" and related to" jurisdiction as well.[37] Several courts in the Fifth Circuit that have considered this issue in greater detail have concluded that the well-pleaded complaint rule does not apply to "related to" and "arising in" bankruptcy jurisdiction under § 1334(b).[38] This Court agrees that the well-pleaded complaint rule is inapplicable to this Court's "related to" or "arising in" jurisdiction.

---

[31] 522 U.S. 470, 475 (1998) ("[w]e have long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.') (further citations omitted); *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992).
[32] *See Garza*, 528 F. Supp. 3d at 410-11 (listing cases).
[33] *See id.*
[34] *Garza*, 528 F. Supp. 3d at 410 (citing No. 06-70151, 2006 WL 2993333 (Bankr. S.D. Tex. Oct. 17, 2006)).
[35] *Id.* (citing No. CIV.A. H-04-3122, 2005 WL 1155073 (S.D. Tex. May 16, 2005)).
[36] *Id.* (citing 319 B.R. 495 (Bankr. N.D. Tex. 2005)).
[37] *See In re Polvado*, No. 06-70151, 2006 WL 2993333, at *2 (Bankr. S.D. Tex. Oct. 17, 2006); *Malesovas v. Sanders*, No. CIV.A. H-04-3122, 2005 WL 1155073, at *3 (S.D. Tex. May 16, 2005); *In re LJM2 Co-Inv., L.P.*, 319 B.R. 495, 500 (Bankr. N.D. Tex. 2005).
[38] *See In re ABC Dentistry, P.A.*, No. 16-34221, 2021 WL 955932, at *3 (Bankr. S.D. Tex. Mar. 12, 2021) ("this [c]ourt is not persuaded that the well-pleaded complaint rule provides the appropriate test for bankruptcy jurisdiction… [t]he well-pleaded complaint rule seemingly prohibits bankruptcy courts from analyzing the effect an action might have on a bankruptcy estate."); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 764 (S.D. Tex. 2005) ("[t]he well-pleaded complaint rule is not applicable in 'related to' bankruptcy removal cases."); *In re Brooks Mays Music Co.*, 363 B.R. 801, 816 (Bankr. N.D. Tex. 2007) ("[t]o rely on the well pleaded complaint rule alone in interpreting section 1334 reads the 'arising in' and 'related to' provisions out of section 1334.").

To start, while the Fifth Circuit has not exhaustively analyzed this issue, it has recently stated in dicta that, "the well-pleaded complaint rule does not apply in determining whether a bankruptcy court has 'related to' jurisdiction over a removed case."[39] This conclusion is also consistent with the text and history of § 1334. Section 1331 defines federal question jurisdiction and grants district courts, "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[40] Section 1334, by contrast, grants substantially broader authority to the bankruptcy courts to hear, "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[41]

Discussing the legislative history of § 1334(b), the Fifth Circuit noted in *Matter of Wood* that, "Congress was concerned with the inefficiencies of piecemeal adjudication of matters affecting the administration of bankruptcies *and intended to give federal courts the power to adjudicate all matters having an effect on the bankruptcy*."[42] The Supreme Court has similarly held that, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate" and that "the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate."[43] In reference to § 1331, the Supreme Court has also held that, "[t]he 'well-pleaded complaint' rule applies only to statutory 'arising under' cases."[44]

---

[39] *In re KSRP, Ltd.*, 809 F.3d 263, fn. 3 (5th Cir. 2015) (citing *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F.Supp.2d 742, 764 (S.D.Tex.2005); *In re Brook Mays Music Co.*, 363 B.R. 801, 814–16 (Bankr.N.D.Tex.2007)).
[40] 28 U.S.C. § 1331.
[41] 28 U.S.C. § 1334(b).
[42] 825 F.2d 90, 92 (5th Cir. 1987) (emphasis added).
[43] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, (1995).
[44] *Am. Nat'l Red Cross v. S.G.* 505 U.S. 247, 258 (1992).

Thus, even if no federal right or claim exists on the face of a state court petition removed to this Court, Congress' grant of jurisdiction in § 1334 clearly extends to proceedings that may conceivably affect the administration of the bankruptcy estate.[45] Related to jurisdiction exists precisely so this Court can hear cases that otherwise posit no federal right or claim on its face, and an application of the well-pleaded complaint rule renders this jurisdictional prong meaningless.[46] The same is true of this Court's "arising in" jurisdiction. To the extent that a proceeding can only arise in the context of bankruptcy, it is clearly Congress' intent that those proceedings be heard by the bankruptcy court even if not expressly enumerated in the Bankruptcy Code.[47]

As such, this Court is unpersuaded and rejects application of the well-pleaded complaint rule to this Court's exercise of arising in and related to jurisdiction under § 1334(b).

However, this Court is persuaded that the well-pleaded complaint rule is an appropriate starting point in assessing this Court's "arising under" jurisdiction. The "arising under" language in § 1334(b) was taken directly from § 1331 and carries a similar meaning in the bankruptcy context.[48] Even courts that are critical of the well-pleaded complaint rule in bankruptcy often agree that application of the well-pleaded complaint rule is appropriate when applied to this

---

[45] *Matter of Wood*, 825 F.2d at 92; *Celotex*, 514 U.S. at 308.
[46] *See e.g., Corley v. United States*, 556 U.S. 303, 324, 129 S. Ct. 1558, 1572, 173 L. Ed. 2d 443 (2009) ("a statute should be read, if possible, so that all of its provisions are given effect and none is superfluous.").
[47] *Matter of Wood*, 825 F.2d at 92; *Celotex*, 514 U.S. at 308.
[48] *Matter of Wood*, 825 F.2d at 96–97 ("Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11. Apparently, the phrase was taken from 28 U.S.C. § 1331, conferring federal question jurisdiction in which it carries a similar and well-accepted meaning.").

Court's arising under jurisdiction.[49]  Furthermore, as discussed, the Supreme Court has held that the well-pleaded complaint rule should be applied to "arising under" statutes.[50]

Thus, this Court views the well-pleaded complaint rule as an appropriate starting point for assessing the Court's "arising under" jurisdiction.  However, this Court must also consider if "arising in" or "related to" jurisdiction exists over this Adversary Proceeding as well regardless of the well-pleaded complaint rule.

**D.    Whether this Court has jurisdiction over the present Adversary Proceeding under § 1334**

The Court will now consider if it has jurisdiction over the present Adversary Proceeding under § 1334.  The Court will consider its "arising under," "arising in," and "related to" jurisdiction in turn.

**1.    Whether the claims and rights presented in this Adversary Proceeding arise under the Bankruptcy Code**

The Court first considers if the claims and rights presented in this Adversary Proceeding arise under the Bankruptcy Code.  Applying the well-pleaded complaint rule, Plaintiff's original state court petition at the time of removal asserts only a cause of action for breach of guaranty under Texas state law.[51]  There is nothing in the state court petition that invokes a substantive right under the Bankruptcy Code.[52]

**2.    Whether the claims and rights presented in this Adversary Proceeding only arise in the context of bankruptcy**

---

[49] *See In re ABC Dentistry, P.A.*, No. 16-34221, 2021 WL 955932, at *3 (Bankr. S.D. Tex. Mar. 12, 2021) ("in bankruptcy 'the well-pleaded complaint rule is either rejected outright, or accepted only in instances w[h]ere jurisdiction is predicated on one prong of 28 U.S.C. § 1334(b), which deals with claims arising under Title 11.'"); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 764 (S.D. Tex. 2005); *In re Brooks Mays Music Co.*, 363 B.R. 801, 816 (Bankr. N.D. Tex. 2007) ("the well pleaded complaint rule is only instructional when determining 'arising under' jurisdiction in bankruptcy"); *Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC*, 541 B.R. 337, 348 (M.D. La. 2015) ("the 'well-pleaded complaint' rule is used to determine whether there is 'arising under' jurisdiction in bankruptcy, but it is not applicable in 'related to' bankruptcy removal cases.").
[50] *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992).
[51] ECF No 1-1.
[52] *See id.*

Next, the Court considers if the claims and rights presented in this Adversary Proceeding are those that only arise in the context of bankruptcy.[53] As discussed, matters that "arise in" are primarily administrative in nature.[54] Here, clearly a breach of guaranty is not a proceeding that occurs only in the context of bankruptcy.

### 3. Whether the claims and rights presented in this case could conceivably have an effect on the administration of the bankruptcy estate giving rise to related to jurisdiction

Last, this Court will consider if there is related to jurisdiction over this Adversary Proceeding. As discussed, this Court may exercise jurisdiction over proceedings that could conceivably have an effect on the administration of the bankruptcy estate.[55] Here, however, Debtor's bankruptcy was dismissed May 22, 2018. As such, even though this Court's related to jurisdiction is broad, since Debtor's bankruptcy estate no longer exists the Court concludes that the disposition of this Adversary Proceeding could not conceivably have an effect on the administration of the bankruptcy estate.

Plaintiff argues that this Court does have "related to" jurisdiction over this Adversary Proceeding.[56] Specifically, Plaintiff argues that, "the entire Forbearance Agreement – including the dismissal of the Chapter 11 case – could conceivably have been undone, affecting the rights of both the debtor and the creditors of [Debtor]" depending on this Court's interpretation of the "general release" provision of the May 11, 2018, Forbearance Agreement that constitutes Defendant's affirmative defense in this case.[57] Thus, Plaintiff argues, interpretation of this Court's May 22, 2018, Order that approved the May 11, 2018, Forbearance Agreement would have an

---

[53] *Matter of Wood*, 825 F.2d at 97.
[54] *Id.*
[55] *Matter of Wood*, 825 F.2d at 93.
[56] ECF No. 129 at 15-17.
[57] *Id.* at 16.

effect on the bankruptcy estate.[58] The Court is unpersuaded by this argument. While this Court retains some limited "related to" jurisdiction over confirmed plans of reorganization, this is limited to "matters pertaining to the implementation or execution of the plan."[59] Here, there was no confirmed plan or reorganization and the Bankruptcy Case was dismissed.[60] There is simply no bankruptcy estate left to administer.[61] Thus, resolution of this adversary proceeding cannot have an effect on the administration of the estate.[62] As such, this Court finds that it does not have jurisdiction under § 1334 over this Adversary Proceeding.

Nevertheless, Plaintiff argues in their Response that this Court retains core jurisdiction to interpret and enforce its May 22, 2018, Order that approved the May 11, 2018, Forbearance Agreement.[63]

E. **Whether this Court retains jurisdiction over this Adversary Proceeding pursuant to its power to interpret and enforce its own orders under *Travelers***

Plaintiff asserts that this Court has, "core jurisdiction over this case because the pleadings on file at the time of removal, including Choudhri's own pleadings, called for the implementation and enforcement of the Forbearance Agreement and Bankruptcy Order."[64] Plaintiff is half correct. Pursuant to *Travelers Indem. Co. v. Bailey*, this Court has jurisdiction to interpret and enforce its own prior orders.[65] This includes the May 22, 2018, Order issued from this Court. However, at the time of removal the only relevance that this Court's May 22, 2018, Order had to this Adversary Proceeding was as an affirmative defense raised by Defendant. As discussed in *Garza*, there are

---

[58] *See id.* at 16-17.
[59] *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001).
[60] Bankr. ECF No. 39.
[61] *See id.* ("after a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist… [n]o longer is expansive bankruptcy court jurisdiction required to facilitate 'administration' of the debtor's estate, for there is no estate left to reorganize.") (internal citations omitted).
[62] *See id.*
[63] ECF No. 129 at 10-14.
[64] *Id.* at 14.
[65] 557 U.S. 137, 129 (2009).

many different mechanisms available to parties in interest who seek enforcement or interpretation of orders from this Court.[66] For instance, in *Travelers* an action was filed with the bankruptcy court seeking to enjoin pending state lawsuits based on a prior confirmation order that had released various claims.[67] However, the mere fact that a defendant purports to have an affirmative defense to a claim arising only under state law does not convert that claim into one conferring federal jurisdiction.[68]

Accordingly, this case is remanded back to the 152nd Judicial District Court of Harris County, Texas.

### IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED February 17, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[66] *Garza*, 582 F. Supp. 3d at 414. ("once a bankruptcy case is closed, a debtor may enforce a discharge order by asserting it as an affirmative defense in a pending state court case, see Tex. R. Civ. P. 94 (stating that discharge in bankruptcy is an affirmative defense), by moving to reopen the bankruptcy case to bring an adversary complaint to enforce the discharge injunction, or by filing a declaratory judgment action in the bankruptcy court.").
[67] *Travelers*, 557 U.S. at 142-143.
[68] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987).